1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY JAMAL WITT,                      No. 2:21-cv-2198-EFB P

12              Plaintiff,

13         v.                                  ORDER

14    SOLANO COUNTY, et al.,

15              Defendants.

16

17         Plaintiff is a former county jail inmate proceeding without counsel in an action brought

18    under 42 U.S.C. § 1983.  He commenced this action on November 29, 2021 by filing a civil rights

19    complaint.  ECF No. 1. He has since filed a supplement and several exhibits to the complaint

20    (ECF Nos. 5 & 8), along with two applications to proceed in forma pauperis (ECF Nos. 2, 7).[1]

21         Federal courts must engage in a preliminary screening of cases in which prisoners seek

22    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26    relief."  *Id.* § 1915A(b).

27    _____

28         [1] Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.
      § 1915(a)(1) and (2) and is therefore granted.

                                            1

1    After plaintiff filed his complaint, he filed a document describing the nature of his claims

2    and the relief he seeks against Solano County in this case.  ECF No. 5 at 1-2.  He also filed copies

3    of administrative grievances related to his claims in this case.  ECF No. 8 at 2-3.  To add, omit, or

4    correct information in the operative complaint, however, plaintiff must file an amended complaint

5    that is complete within itself.  Filing separate documents that are intended to be read together as

6    one is not the proper means of amending or supplementing a complaint.  *See Forsyth v. Humana*,

7    114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

8    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

9    1967)).  Plaintiff's complaint is dismissed with leave to amend in accordance with the

10   requirements set forth in this order.

11   Plaintiff is cautioned that any amended complaint must identify as a defendant only

12   persons who personally participated in a substantial way in depriving him of his constitutional

13   rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

14   deprivation of a constitutional right if he does an act, participates in another's act or omits to

15   perform an act he is legally required to do that causes the alleged deprivation).

16   The amended complaint must also contain a caption including the names of all defendants.

17   Fed. R. Civ. P. 10(a).

18   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

19   *George,* 507 F.3d at 607.  Nor, as he was warned above, may he bring multiple, unrelated claims

20   against more than one defendant.  *Id.*

21   Any amended complaint should be as concise as possible in fulfilling the above

22   requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

23   background which has no bearing on his legal claims.  He should also take pains to ensure that his

24   amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

25   and organization.  Plaintiff should carefully consider whether each of the defendants he names

26   actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

27   which plaintiff names dozens of defendants will not be looked upon favorably by the court.

28   /////

2

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2 & 7) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  January 20, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE